# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER: 8:04-CR-610-T-24TBM |
| vs. | USM NUMBER: 42532-018 |
| ANGELA SHARON HILL | |
| | Defendant's Attorney: E. J. Gissendanner, III, Esq. (CJA) |

THE DEFENDANT:

**X**   pleaded guilty to Count One of the Superseding Indictment.
___   pleaded nolo contendere to count(s) which was accepted by the court.
___   was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 USC 846 & 841(b)(1)(B) | Conspiracy to Possess with Intent to Distribute More than 100 Kilograms of Marijuana | December 8, 2004 | One |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___   The defendant has been found not guilty on count(s)
**X**   Count Seven of the Superseding Indictment and the Original Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: September 19th, 2005

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

DATE: September 19th, 2005

AO 245B (Rev 12/03) Sheet 2 - Imprisonment

Defendant: ANGELA SHARON HILL  
Case No.: 8:04-CR-610-T-24TBM  

Judgment - Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of *SIXTY (60) MONTHS* as to Count One of the Superseding Indictment.

__X__  The court makes the following recommendations to the Bureau of Prisons:

1. Defendant serve term of imprisonment at FCI Coleman.
2. Defendant participate in the 500 Hour Intensive Drug Program.

__X__  The defendant is remanded to the custody of the United States Marshal.  
_____  The defendant shall surrender to the United States Marshal for this district.

___ at ___ a.m./p.m. on ___.  
___ as notified by the United States Marshal.

_____  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

___ before 2 p.m. on ___.  
___ as notified by the United States Marshal.  
___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____  
United States Marshal

By: _____  
Deputy Marshal

| | | |
|---|---|---|
| Defendant: | ANGELA SHARON HILL | Judgment - Page 3 of 5 |
| Case No.: | 8:04-CR-610-T-24TBM | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **SIXTY (60) MONTHS** as to Counts One of the Superseding Indictment.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year. The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**X**     The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3C - Supervised Release

Defendant: ANGELA SHARON HILL
Case No.: 8:04-CR-610-T-24TBM

Judgment - Page 4 of 5

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X   The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency. This program may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services.

Defendant:    ANGELA SHARON HILL                                              Judgment - Page 5 of 5
Case No.:     8:04-CR-610-T-24TBM

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | $100.00 | Waived | N/A |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __ Lump sum payment of $ _ due immediately, balance due

B. _X_ Payment to begin immediately.

C. __ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. __ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. __ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_ Joint and Several

_ The defendant shall pay the cost of prosecution.

_ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:

Pursuant to the Preliminary Order of Forfeiture as to Real Property (Doc. 531) entered by the Court on July 28th, 2005, the defendant shall forfeit her interest in real property located at 435 Orange Boulevard, Polk City, Florida and her interest in one 1998, 62 X 28 Oaksprings mobile home, serial number 32620646KAB.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case No. 8:04-cr-610-T-24TBM |
| MITCHELL HILL, and<br>ANGELA SHARON HILL,<br>Defendants. | : |

**PRELIMINARY ORDER OF FORFEITURE AS TO REAL PROPERTY
AND FINAL ORDER FOR FORFEITURE MONEY JUDGMENT**

THIS CAUSE comes before the Court upon the filing of the Motion of the United States of America for Entry of a Preliminary Order of Forfeiture as to Real Property and Final Order for a Forfeiture Money Judgment, which, at sentencing, shall be a final order of forfeiture as to defendants Mitchell Hill and Angela Sharon Hill's interest in property subject to forfeiture. For good cause shown, the motion of the United States is GRANTED.

The Court hereby finds that the United States has established the requisite *nexus* between the real property listed below and the illegal marijuana conspiracy to which defendants Mitchell Hill and Angela Sharon Hill pled guilty pursuant to 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(A)(iii), as charged in Count One of the Superseding Indictment:

> The real property, including any improvements thereon and appurtenances thereto, located at 435 Orange Boulevard, Polk City, Florida, which is legally described as follows:
>
> Lot 9 of an Unrecorded Survey, said parcel being more particularly described as: The South 68.30 feet of the North

> 204.90 feet of Block 44, Amended Map of Polk City, as recorded in Plat Book 24, page 1, public records of Polk County, Florida, SUBJECT TO road right of way, if any, for Orange Blvd. a/k/a Citrus Grove Blvd. Containing 1.10 acres, more or less.
>
> Including one 1998, 62 x 28 Oaksprings mobile home, serial number 32620646KAB
>
> [Property I.D. # 342625; 296500; 044050]

Therefore, the real property identified above is subject to forfeiture pursuant to 21 U.S.C. § 853.

Further, the Court finds that defendant Mitchell Hill obtained proceeds in the amount of $1,430,000.00 as a result of his participation in the drug conspiracy to which he pled guilty in Count One of the Indictment. Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that all right, title, and interest of defendants Mitchell Hill and Angela Sharon Hill in the real property located at 435 Orange Boulevard, Polk City, Florida are hereby CONDEMNED and FORFEITED to the United States of America pursuant to the provisions of 21 U.S.C. § 853.

It is further **ORDERED** that defendant Mitchell Hill is personally liable to the United States of America for a forfeiture money judgment in the amount of $1,430,000.00          .

The Court shall retain jurisdiction to enter any orders necessary for the forfeiture and disposition of these assets, and to entertain any third party claims that may be asserted in these proceedings.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this __27th__ day of __July__, 2005.

SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

Copies to:  Anita M. Cream, AUSA
            Attorneys of Record

3